By the Court.

This was a vested remainder in the minister and wardens of the King’s Chapel church, in trust for certain uses specified in Mr. Price’s will, with a contingent remainder over to the minister and wardens of Trinity church; and it was a remainder vested in a corporation capable of taking.
The proprietors of the pews in churches constitute the parishes in Boston, and several other of our seaport towns. Parishes have secured to them, by the declaration of rights, the election and appointment of their ministers or public instructors. Mr. Freeman *444 is the minister de facto of this * society, elected by the only authority capable of it. The other demandants are also de facto the wardens. They havq then a right to the demanded premises, as against the present tenant, a stranger, showing no title. If, by any alteration in their doctrines, worship, or discipline, this parish has incurred a forfeiture of the demanded premises, it is for the heirs of the devisor to avail themselves of it. The record shows it to be the same church to whose officers the devise was made, and the demandants are entitled to judgment on the verdict; and, upon the demurrer, their replication is adjudged good, (a)

 [This case is not well reported. By the will, it appears that the remainder in fee was devised to the rector and wardens of the King’s Chapel, and their successors in office, for certain uses, provided they should signify their acceptance thereof in writing, in the manner therein set forth; and, in case of non-acceptance by said rector and wardens, (and there was no proof that they had so accepted.) to the rector and wardens of Trinity church, to the like uses. It is quite clear, therefore, that there was no vested remainder, in this case, in the said rector and wardens of the King’s Chapel. See the record of the proceedings in the case of The Rector and Wardens of Trinity Church vs. Stodder & Al., S. J. Courts Suffolk, 1828. — Ed.]