Statement of Facts.

[No. 4377.]

# JONAS SPECT v. MORRIS GREGG.

CLAIMING UNDER A COMMON SOURCE OF TITLE.—If, in an action of ejectment, both parties claim to derive title from the same source, it is not necessary for the plaintiff to introduce in evidence a conveyance from a former owner to the person having this source of title; and if error is committed in receiving such conveyance in evidence, it does no harm.

DESCRIPTION IN A DEED.—A deed of an undivided two-thirds of two leagues of land, part of a Spanish grant of eleven leagues, which describes the two leagues as including the town of Colusa, contains a sufficient description to authorize it to be received in evidence in an action to recover lots in Colusa.

CERTIFIED COPY OF PAPER AS EVIDENCE.—A certified copy from the recorder's office of a power of attorney purporting to have been executed by four persons, but acknowledged by one only, is admissible in evidence.

DEED AS EVIDENCE.—A deed executed by several persons, by their attorney in fact, is admissible in evidence, if the power was executed by one of the grantors.

DEED WITH CONDITION SUBSEQUENT.—A deed on condition subsequent passes the title to the grantee.

CONSTRUCTION OF POWER OF ATTORNEY.—If a power of attorney authorizes the attorney in fact to sell and convey lots in a town "for purposes of actual improvement for mercantile and other purposes," the agent is authorized to sell, and the words "for purposes," etc., do not limit his power.

OUSTER BY TENANT IN COMMON.—If, in ejectment, the parties are tenants in common, and the defendant in his answer denies the plaintiff's title and right of entry, the denial is proof of an ouster.

REVIEW OF EVIDENCE.—The Supreme Court will not review the evidence to see whether the finding of the jury is sustained by the evidence if the bill of exceptions does not specify that the evidence was insufficient.

APPEAL from the District Court, Tenth Judicial District, County of Colusa.

Ejectment to recover lots five and six in block thirty-five, in the town of Colusa, county of Colusa. The town of Colusa is on a grant of eleven leagues made by the Mexican nation to Manuel Jimeno. Jimeno conveyed the grant to Thomas O. Larkin and John S. Missroon, on the 30th of August, 1847. The United States confirmed the Jimeno grant, and patented it to Larkin and Missroon, on the 18th day of July, 1862. Both parties claimed under Larkin and Missroon. The plaintiff, after introducing in evidence the

patent to Larkin and Missroon, offered in evidence a certified copy, from the office of the recorder of Colusa, of the deed from Jimeno to Larkin and Missroon. The deed was in Spanish. Counsel for defendant objected to the deed for several reasons, but the court overruled them. The plaintiff next offered in evidence a deed from Larkin and Missroon to Washington Seawell and S. C. Hastings. The land conveyed by the deed was described as follows: "An undivided two-thirds part of the following described tract or parcel of land, to wit: two Spanish leagues (or dos sitios de ganado mayor) of land on the west bank of the Sacramento River, part of the land formerly known as the Colus tract, including the town of Colusa, being part of the eleven Spanish leagues granted by Don Manuel Micheltorena, formerly governor of Alta California, to Don Manuel Jimeno, then a citizen of Mexico, November 4, 1844, sold by said Jimeno to said Larkin and Missroon, August 30, 1847."

The defendants objected to the deed, because the description was insufficient.

The plaintiff offered in evidence a certified copy from the recorder's office of a power of attorney from Hastings, Seawell, Larkin, and Missroon, to Augustine D. Carpenter, dated September 24, 1851. The notary who acknowledged it certified that Seawell acknowledged personally, but Larkin and Missroon acknowledged by W. J. Eames, their agent. Hastings did not acknowledge. Defendant objected to the copy, because it was not acknowledged so as to entitle it to record. The court overruled the objection. This power made Carpenter "our agent and attorney to sell and dispose of, for purposes of actual improvement for mercantile and other purposes, any town lot situated in the town of Colusa," etc. The plaintiff offered in evidence a deed from Larkin, Missroon, Seawell, Hastings, and Hughes, to Richard Chenery and Charles B. Hazelton, by Carpenter, their attorney in fact, of a large number of lots in Colusa, including the demanded premises. The court instructed the jury as follows: "Both the plaintiff and defendant have, in this action, relied upon title supported and proved by documentary evidence, and both have offered and read in

evidence certain deeds and documentary evidence to prove title; the plaintiff, to prove title in himself to the undivided one-sixth of lot six, and to the undivided one-third of lot five of the demanded premises; and the defendant, to prove title in himself to the whole of said lots. And the court instructs you that the defendant has by his deeds and other documentary evidence, proved a title in himself to the whole of both of said lots, if they are all embraced within the calls of said deeds, and that his title is superior to and better than the title of the plaintiff to any portion thereof, or any undivided interest therein. You will, therefore, find for the defendant, if you find that the lots in controversy are within the calls of his deeds." The jury found a verdict for the plaintiff, and the defendant appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*Belcher & Belcher*, for the Appellant.

*A. L. Hart and S. T. Kirk*, for the Respondent.

By the COURT:

It is not necessary to inquire whether the record of the Spanish document, purporting to be a deed from Manuel Jimeno to Thomas O. Larkin and John S. Missroon was erroneously admitted in evidence. Both parties to the present action claim to deraign title from Larkin and Missroon, and the conveyance to them from Jimeno was not necessary to the plaintiff's case. If, therefore, the court below erred in admitting the record, it was an error which could not have injured the defendant.

The deed from Larkin and Missroon contains a sufficient description of the land in controversy, the same being part of the "town of Colusa."

The power of attorney from Larkin, Missroon, Seawell, and Hastings to Carpenter was properly acknowledged by Seawell. There is no proof in the record that Eames, who pretended to acknowledge its execution for Larkin and Missroon, as their "agent," was in fact such.

At the trial, the plaintiff swore that he did not have the possession of the power of attorney. But there was no proof of the execution of the power by Hastings. (Code of Civil Proc., Sec. 1855.) Nevertheless, the certified copy of the power was admissible, the same having been duly acknowledged by Seawell.

The objections taken by defendant to the instrument purporting to be a deed of conveyance from Larkin, Missroon, Seawell, Hastings (by Carpenter, attorney), and Hughes to Chenery and Hazelton, were:

1. That Carpenter had no power to execute it.
2. That the acknowledgment was insufficient.
3. That the deed was not in pursuance of the power.

1. Carpenter derived power from Seawell through the letter of attorney above mentioned.

2. The acknowledgment substantially complied with the statute.

3. If the conveyance from Seawell, by Carpenter as attorney in fact, was on condition, it was on condition subsequent, and passed the title to the grantees therein named. But the power of Carpenter, under the letters of attorney, was not limited to the making of conveyances which should *recite* that they were made "for purposes of actual improvement," etc. He was authorized "to sell and dispose of" any lots—and the words do not constitute a limitation of his general power.

The District Court did not err in denying defendant's motion for nonsuit.

Defendant appeared, at that stage of the trial, as a simple trespasser; but even if it could be assumed that he was a tenant in common, the ouster was proven by the averment in the answer denying plaintiff's title and right of entry.

The jury may have found as a fact that the deeds, under which defendant claims, did not include the lands in controversy. If the jury so found, their verdict did not necessarily involve a disregard of the instructions of the court in that regard.

There is found in the transcript no specification of insuf-

ficiency of the evidence to sustain the finding of the jury that the land in controversy was not within the description of defendant's deeds.

Judgment and order affirmed.

A petition for a rehearing having been filed, the following opinion was delivered.

By the COURT:

In his petition for a rehearing, appellant avers that there was no evidence to sustain a finding that the lands in controversy were not within the calls of the defendant's deeds. He argues from this that the jury must have disobeyed the instructions of the court when they found a verdict in favor of plaintiff. But the instruction of the court was hypothetical, and was to the effect that if the lands were within the description contained in defendant's deeds, they should find a verdict for defendant. It must be assumed, therefore, as appellant assumes, that the jury found that the lands were without the calls of the deeds through which defendant deraigned his title. If, as alleged in the petition for rehearing, there was no evidence to sustain the finding of the jury upon that issue, this is a case of a finding against evidence; and it has repeatedly been held that, to set aside such a finding, the bill of exceptions must contain a specification of the particulars wherein the evidence is insufficient to sustain the finding. The record contains no specification of an insufficiency of evidence to uphold a finding that the lands in controversy were without the calls of defendant's deeds.

Rehearing denied.

# JANUARY TERM, 1876.