[No. 5089.]

## B. F. M. PACKARD *v.* W. B. JOHNSON.

Ouster of Tenant in Common.—In ejectment brought by a tenant in common against his co-tenant, if the defendant, in his answer, sets up title in himself, it is evidence of an ouster sufficient to enable the plaintiff to maintain the action, so far as the pleadings are concerned.

Recording Conveyances.—If the owner makes a written sale of land before the docketing of a judgment recovered against him, and after the judgment is docketed executes to the purchaser and acknowledges a conveyance which is recorded before a sheriff's deed made under the judgment is recorded, the purchaser's title will prevail over the title acquired under the sheriff's sale.

Limitation of Action as against Tenant in Common.—If a tenant in common, who is in the possession of the entire tract, sells the whole tract, and the purchaser, with notice of the co-tenancy, enters into possession, he must, in order to acquire the title of the co-tenant by the statute of

limitations, prove an actual ouster the same as his grantor would have been required to do had he remained in possession.

OUSTER BY TENANT IN COMMON.—The exclusive occupation of the whole tract, and cultivation of the same, and payment of taxes, by a tenant in common, are not of themselves sufficient to constitute an ouster of the co-tenant.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

Ejectment to recover an undivided one-half of a tract of land, sold by the State to William K. Melville, as swamp land. Melville paid for the land and received a certificate of purchase on the thirtieth day of August, 1858. In February, 1859, Melville entered into a contract in writing by which he sold to one Ward his interest in the land acquired by the certificate of purchase. Ward took possession, but the contract was not acknowledged or recorded. On the twenty-sixth of April following, Melville, for a valuable consideration, executed, acknowledged, and delivered to Ward an assignment of the certificate of purchase, and authorized Ward to receive a patent for the land. On the fifteenth day of November, 1859, Ward sold and assigned to A. J. Sanor and the plaintiff, the certificate of purchase and land, and acknowledged the same so as to entitle it to record, and, on the same day, the certificate and both assignments were recorded. On the twenty-fifth of March, 1859, W. E. Cocke recovered a judgment in the District Court of said county against Melville, for $1072.26, which was docketed on the same day. On the twenty-second day of June, 1859, the sheriff sold the land under the judgment; Cocke became the purchaser, and on the seventh day of January, 1860, received a sheriff's deed, which was recorded the same day. On the twenty-fourth day of September, 1860, Cocke sold and conveyed to Sanor the entire tract of land, and Sanor, on the third day of December, 1864, conveyed the same to defendant Johnson. Sanor, for four years before his sale to Johnson, had been in the sole occupation of the premises, and at the time he sold had a substantial inclosure around the same. Johnson, from the time of his purchase, remained in such possession as is explained in

the opinion.  The suit was commenced in October, 1874. The defendant, in his answer, set up title in himself to the whole of the demanded premises, and pleaded the statute of limitations.  The court rendered judgment for the defendant, and the plaintiff appealed.

*J. B. Hall*, for the Appellant.

Whatever interest was acquired by the purchase from the State vested in Sanor and Packard, as tenants in common (Hittel, Art. 685), after the sale and assignment to them of November, 1859, of the certificate of purchase, unless Melville's right, title and interest under the certificate passed at the sheriff's sale of June 22, 1859, and his subsequent deed to Cocke.

The title of Melville, derived from the State, was not acquired by Cocke under the judgment and sale, for the reason that Melville did not own the certificate title at the date of the judgment against him, in favor of Cocke.  He had sold that title, and delivered possession of the land to Ward a month or two before the entry of the judgment.

Even though the equitable title remained in Melville at the entry of the judgment, because of his not having before assigned the certificate, yet the judgment did not create a lien upon the equitable title. (*Corwin* v. *Benham*, 2 Ohio, N. S. 36; *Shrew* v. *Jones*, 2 McLean, 78; *Jeffries* v. *Sherburn*, 21 Ind. 112; *Halstead* v. *Davison*, 2 Stockton, N. J. 290; *Roach* v. *Bennett*, 24 Miss. 98; *Sellers* v. *Hayes*, 17 Ala. 749; *Cooper* v. *Cutshall*, 1 Carter, Ind. 246; *The People* v. *Irwin*, 14 Cal. 434.)  There is no ouster shown at a point of time five years before suit brought. (*Seaton* v. *Son*, 32 Cal. 481; *Owen* v. *Morton*, 24 Cal. 373; *Miller* v. *Myers*, 46 Cal. 535; 1 Washburn on Real Property, 566, Sec. 8.)  The possession of the defendant was not adverse to the title of the plaintiff, for both parties claim under the same title, derived from the State. (*Farish* v. *Coon*, 40 Cal. 54; *McManus* v. *O'Sullivan*, 48 Cal. 7.)

*F. T. Baldwin* and *J. H. Budd*, for the Respondent.

The sheriff's deed to Cocke, dated January 6, 1860, took

effect by relation to the date of docketing the judgment, namely, March 25, 1859, and overreaches any intermediate conveyance from Melville. (*Sharp* v. *Baird*, 43 Cal. 577; *Horn* v. *Jones*, 28 Cal. 202; *Sands* v. *Pfeiffer*, 10 Cal. 265; 4 J. J. Marshall, Ky. 641, 642.) The sheriff's deed then to Cocke, taking effect by relation on the twenty-fifth day of March, 1859, overreaches the assignment made to Ward by Melville on the twenty-sixth day of April, 1859. But it is urged that the written contract of sale made by Melville to Ward in January or February, 1859, although no one except Melville and Ward had any actual or constructive notice of its existence, overreaches and renders of no effect the sheriff's deed to Cocke. The statutes of this State in force at the time of the making of this contract provided that "conveyances of land or of any estate or interest therein may be made by deed recorded, etc." (Session Laws of 1850, 259.) (*Smith* v. *Yule*, 31 Cal. 180; Sec. 26, Act concerning Conveyances, Stats. 1850, p. 249.) In *Jackson ex dem Lansing* v. *Chamberlain* (8 Wend. 621), the Supreme Court of New York, under the statutes of that State, which are almost identical with the provisions of this "act concerning conveyances," which we have above referred to, held, "that the purchaser of land at sheriff's sale, under a judgment and execution, since the statutes requiring deeds to be recorded, will hold the same, although the defendant in the execution had, previous to the judgment, sold and conveyed the lands by deed, provided that the deed from the sheriff is recorded, previous to the record of the deed from the debtor in the execution to his grantee, unless the purchaser at sheriff's sale, at the time of his purchase, had notice of the previous deed."

By the COURT:

I. The answer of the defendant Johnson, set up title in himself to the whole of the premises described in the complaint, and was evidence of an ouster of the plaintiff sufficient, in that respect, to enable him to maintain this action.

II. The title to the premises vested in the plaintiff and Sanor as tenants in common, for the assignment of the cer-

tificate of purchase from Melville to them, was recorded before the delivery of the sheriff's deed upon the Cocke execution sale.

III. When the defendant Johnson entered under his purchase from Sanor, he was, in point of law and fact, a tenant in common with Packard. Sanor, his grantor, was in possession as tenant in common with Packard, and the title under which both Sanor and Packard held the premises was matter of record. In this view, it was necessary for the defendant Johnson, in order to sustain his defense based upon the Statute of Limitations, to prove such an ouster of his co-tenant Packard, as Sanor must have proved had he remained in possession and set up an adverse possession in himself for the statutory period. In either case, an actual ouster of Johnson must have been proven in order to sustain the defense. By actual ouster we do not mean, of course, an actual turning out by the shoulder, but acts of such open and hostile occupation as have always been held necessary, in order to put the co-tenant upon notice or upon inquiry, which is the same thing. Mere exclusive occupation, removing of fences, and devoting the estate to the usual purposes of pasturage or husbandry, and payment of taxes by the co-tenant in possession, are not, of themselves, sufficient. The evidence in this case amounts to nothing more than these, and, though continued for more than five years, they are not sufficient to bar the right of entry of the plaintiff.

Judgment and order denying a new trial reversed, and cause remanded for a new trial.