[No. 5,887.—Department One.]

## ROBERT L. GREER v. ROBERT O. TRIPP.

TENANT IN COMMON—OUSTER.—A refusal after a proper demand by a tenant in common, in possession, to admit his co-tenant is itself an ouster, and dispenses with further proof on that point. *Held*, accordingly, in an action by a tenant in common against a co-tenant to be let into possession, that an answer of the defendant, denying the plaintiff's title, filed in a former suit by the plaintiff against him, to be let into possession of the same land, was equivalent to an ouster.

ID.—STATUTE OF LIMITATIONS.—In the same action, it appeared from the plaintiff's testimony that the defendant entered upon the land in controversy some years before he acquired his title, and continued ever afterwards to occupy it for a residence and for cultivation; but there was no evidence of any adverse claim on his part. *Held*, that the evidence did not show an adverse possession.

ID.—FORMER ADJUDICATION.—A judgment in a former case between the parties, *held* (upon the facts stated in the opinion) not to be a bar.

APPEAL from a judgment for the defendant, and from an order denying a new trial in the Twelfth District Court, County of San Mateo. DAINGERFIELD, J.

*Edw. F. Head*, for Appellant, cited 1 Greenl. Ev. § 529.

*Fox & Kellogg*, for Respondent.

Ross, J.:

The plaintiff in his complaint alleges, that he and the defendant are the owners as tenants in common of a certain tract of land, containing 127 acres or thereabouts, and being a portion of the

Rancho Canada de Raymundo, situated in the county of San Mateo; that the defendant excludes the plaintiff from the possession, wherefore the latter sues to be let into possession with him. The answer puts in issue all of the averments of the complaint, and, in addition, sets up a former adjudication by the same Court of the same issues, in an action between the same parties, in defendant's favor, and also pleads the statute of limitations in bar of plaintiff's recovery.

On the trial, the plaintiff introduced: 1. A patent from the Government of the United States to Maria Louisa Greer and Manuello Copinger for the rancho mentioned, of date July 19th, 1859. 2. A deed from John Greer and Maria Louisa Greer, his wife, of date March 1st, 1858, conveying to the defendant and one Parkhurst all of the interest of the grantors in and to 120 acres of the Rancho Canada de Raymundo, and being a part of the land described in the complaint. 3. A deed from the same grantors to the same grantees, of date December 2nd, 1858, conveying all of the interest of the grantors in and to the remainder of the land described in the complaint. 4. An admission that defendant had acquired the interest of Parkhurst in the land described in the two deeds mentioned. 5. A deed of date July 27th, 1866, from Copinger to one Soto, granting to the latter the undivided one-half of the land described in the deeds already mentioned. 6. A deed from Soto to Robert Greer, of date February 26th, 1869, conveying the same undivided half-interest to Robert Greer. 7. A deed from Robert Greer to the plaintiff, of date October 15th, 1872, conveying to him the undivided half-interest in the lands described in the deed from Copinger to Soto; to wit, the lands described in the complaint.

John Greer was sworn, and testified on behalf of the plaintiff that the defendant "went into the possession of the land described, in 1850 and 1852, inclosed it with a fence all around, and has occupied it ever since, using it for a residence, and cultivating, farming, and stock raising on it. I never heard of defendant making any claim to the land in question adverse to the plaintiff, or those under whom he claimed title."

The plaintiff then offered in evidence "the judgment roll in case No. 900 of this Court, being the suit of the same plaintiff

against the same defendant, stating that he did so for the sole purpose of showing from the answer in said suit an ouster and denial of plaintiff's title by the defendant, and read from said answer as follows : Now comes the above-named defendant, and, answering to the amended complaint filed in this cause, denies that the plaintiff and defendant are owners in fee and tenants in common of the lands described in plaintiff's complaint, or of any interest therein; and avers that the defendant is, and has been for more than five years previous, the sole and legal owner of said land in his own right."

It was admitted that the lands referred to in the answer read from are the same described in the complaint in this action.

Thereupon the plaintiff rested his case, and the defendant moved the Court to grant a non-suit on the grounds :

"That plaintiff has failed to prove that defendant has ever refused to let him into possession ; that the plaintiff has proved that his right of entry is barred by the Statute of Limitations; that the plaintiff has proved that his right of entry was barred by the Statute of Limitations long before the commencement of this action ; that the plaintiff has proved a former adverse adjudication of his right, and that the cause of action set forth in the complaint was adversely decided against him in another action, for the same cause of action, sustaining the plea of defendant of a former judgment in defendant's favor." And in support of the motion, read from the judgment roll in the case of *Greer* v. *Tripp*, the judgment, which is as follows: This cause having come on regularly in its order for trial, on the 15th day of September, A. D. 1875, A. Teague, Esq., appearing for plaintiff, and Chas. N. Fox, Esq., for defendant. The plaintiff introduced his evidence and rested his case. The defendant moved the Court for a non-suit, on the ground that plaintiff had failed to show facts sufficient to constitute a cause of action, and after hearing counsel on said motion, the Court granted said motion without prejudice to a new action.

Now, therefore, in consideration of the law and the premises, it is ordered, adjudged, and decreed that the plaintiff take nothing by his complaint in this cause, and that the defendant do have and recover of and from the plaintiff, Robert L. Greer, his costs in this action, taxed at the sum of $42.50.

Judgment rendered September 15th, 1875.

The Court below granted the motion of the defendant, and thereupon judgment of non-suit was entered, from which comes this appeal.

From this statement of the case, it will be seen that the legal title to the undivided one-half of the premises sued for vested in the plaintiff on the 15th of October, 1872.

The objection that the plaintiff failed to prove that the defendant ever refused to let him into possession is answered by the defendant's own pleading, where he denies the plaintiff's title and right of entry, and avers himself to be, and to have been for more than five years immediately preceding the commencement of this action, the exclusive owner of the whole of the premises, and in the adverse possession of them.

In *Miller* v. *Meyers*, 46 Cal. 538, the Court said: "It is well settled, that a refusal, after a proper demand by a tenant in common in possession to admit his co-tenant into the possession, is itself an ouster, and dispenses with the necessity of further proof on that point. It is equally clear, that, in an action by a tenant in common against his co-tenant to be admitted into the possession, a denial in the answer of plaintiff's title and right of entry is equivalent to an ouster. The action is the most effective demand the plaintiff could make to be let into possession; and if his title and right of entry be denied, he need make no further proof of the ouster." (See also *Spect* v. *Gregg*, 51 Cal. 198.)

The objection that the plaintiff himself proved that his right of entry was barred by the Statute of Limitations is equally without support. It does not appear from the testimony introduced on the part of the plaintiff that the defendant ever held the premises adversely to the plaintiff or his grantors.

Respecting the alleged former adjudication, the record does not show what the former action was. Neither the complaint nor the substance of it is anywhere given. From that portion of the answer appearing in the transcript, and already recited, in which it is denied that the plaintiff and defendant are tenants in common of the property, it may be *inferred* that the former action was of the same character as the present; but it will not do to indulge in inferences for the purpose of holding a party bound by a former adjudication. Besides, it does not appear

that the former action, whatever it was, was determined on the merits. The judgment was a judgment of non-suit, and in it it was expressly declared that it was granted " without prejudice to a new action."

As made to appear in the record before us, it is clear that it is no bar to the present suit.

Judgment reversed, and cause remanded for a new trial.

McKINSTRY, J., and McKEE, J., concurred.