ROBERT L. FREER, Appellant, v. ROBERT O. TRIPP, Respondent.

### No. 5887; October 23, 1880.

Cotenancy—Ouster.—A Refusal by a Tenant in Common in Possession to admit his cotenant into the possession is itself an ouster, and dispenses with further proof on that point.

Cotenancy—Ouster.—In an Action by a Tenant in Common against his cotenant for admittance into the possession, a denial in the answer that the plaintiff has title and right of entry is an ouster.

Cotenancy—Adverse Possession.—A Tenant in Common Does not, by merely occupying and cultivating the premises, have the bene-

fit of the statute of limitations against his cotenant, seeking by action to be admitted into the possession, unless it appears that he held adversely to the plaintiff.

APPEAL from Twelfth Judicial District, San Mateo County.

A. Teague for appellant; C. N. & G. W. Fox for respondent.

ROSS, J.—The plaintiff in his complaint alleges that he and the defendant are the owners as tenants in common of a certain tract of land containing one hundred and twenty-seven acres, or thereabouts, and being a portion of the Rancho Cañada de Raymundo, situated in the county of San Mateo; that the defendant excludes the plaintiff from the possession, wherefore the latter sues to be let into possession with him. The answer puts in issue all of the averments of the complaint, and in addition sets up a former adjudication by the same court of the same issues, in an action between the same parties, in defendant's favor, and also pleads the statute of limitations in bar of plaintiff's recovery.

On the trial the plaintiff introduced: 1. A patent from the government of the United States to Maria Louisa Greer and Manuello Copinger, for the rancho mentioned, of date July 19, 1859. 2. A deed from John Greer and Maria Louisa Greer, his wife, of date March 1, 1858, conveying to the defendant · and one Parkhurst all of the interest of the grantors in and to one hundred and twenty acres of the Rancho Cañada de Raymundo and being a part of the land described in the complaint. 3. A deed from the same grantors to the same grantees, of date December 2, 1858, conveying all of the interest of the grantors in and to the remainder of the land described in the complaint. 4. An admission that defendant had acquired the interest of Parkhurst in the land described in the two deeds mentioned. 5. A deed of date July 27, 1866, from Copinger to one Soto, granting to the latter the undivided one-half of the land described in the deeds already mentioned. 6. A deed from Soto to Robert Greer, of date February 26, 1869, conveying the same undivided half interest to Robert Greer. 7. A

deed from Robert Greer to the plaintiff, of date October 15, 1872, conveying to him the undivided half interest in the lands described in the deed from Copinger to Soto, to wit, the lands described in the complaint.

John Greer was sworn and testified on behalf of the plaintiff that the defendant ''went into possession of the land described in 1850 and 1852, inclosed it with a fence all around, and has occupied it ever since, using it for a residence, and cultivating, farming and stock raising on it. I never heard of defendant making any claim to the land in question adverse to the plaintiff or those under whom he claimed title.''

The plaintiff then offered in evidence ''the judgment-roll in case No. 900 of this court, being the suit of the same plaintiff against the same defendant, stating that he did so for the sole purpose of showing from the answer in said suit an ouster and denial of plaintiff's title by the defendant, and read from said answer as follows: Now comes the above-named defendant, and answering to the amended complaint filed in this cause, denies that the plaintiff and defendant are owners in fee and tenants in common of the lands described in plaintiff's complaint, or of any interest therein; and avers that the defendant is, and has been for more than five years previous, the sole and legal owner of said land in his own right.''

It is admitted that the lands referred to in the answer read from are the same described in the complaint in this action.

Thereupon the plaintiff rested his case, and the defendant moved the court to grant a nonsuit on the grounds:

''That plaintiff has failed to prove that defendant has ever refused to let him into possession; that the plaintiff has proved that his right of entry is barred by the statute of limitations; that the plaintiff has proved that his right of entry was barred by the statute of limitations long before the commencement of this action; that the plaintiff has proved a former adverse adjudication of his right, and that the cause of action set forth in the complaint was adversely decided against him in another action, for the same cause of action, sustaining the plea of defendant of a former judgment in defendant's favor.'' And in support of the motion

he read from the judgment-roll in the case of Greer v. Tripp the judgment, which is as follows: ''This cause having come on regularly in its order for trial, on the 15th day of September, A. D. 1875, A. Teague, Esq., appearing for plaintiff, and Chas. N. Fox, Esq., for defendant, the plaintiff introduced his evidence and rested his case. The defendant moved the court for a nonsuit on the ground that the plaintiff had failed to show facts sufficient to constitute a cause of action; and after hearing counsel on said motion, the court granted said motion without prejudice to a new action.

''Now, therefore, in consideration of the law and the premises, it is ordered, adjudged, and decreed that the plaintiff take nothing by his complaint in this cause, and that the defendant do have and recover of and from the plaintiff, Robert L. Greer, his costs in this action, taxed at the sum of $42.50.

''Judgment rendered September 15, 1875.''

The court below granted the motion of the defendant, and thereupon judgment of nonsuit was entered, from which comes this appeal.

From this statement of the case it will be seen that the legal title to the undivided one-half of the premises sued for vested in the plaintiff on the 15th of October, 1872.

The objection that the plaintiff failed to prove that the defendant ever refused to let him into possession is answered by the defendant's own pleading, where he denies the plaintiff's title and right of entry, and avers himself to be, and to have been for more than five years immediately preceding the commencement of this action, the exclusive owner of the whole of the premises, and in the adverse possession of them.

In Miller v. Myers, 46 Cal. 538, the court said: ''It is well settled that a refusal, after a proper demand by a tenant in common in possession, to admit his cotenant into the possession, is itself an ouster, and dispenses with the necessity of further proof on that point. It is equally clear that in an action by a tenant in common against his cotenant to be admitted into the possession, a denial in the answer of plaintiff's title and right of entry is equivalent to an ouster. The action is the most effective demand the plaintiff could make to be let into possession; and if his title and right of entry

be denied, he need make no further proof of the ouster'': See, also; Spect v. Gregg, 51 Cal. 198.

The objection that the plaintiff himself proved that his right of entry was barred by the statute of limitations is equally without support. It does not appear from the testimony introduced on the part of the plaintiff that the defendant ever held the premises adversely to the plaintiff or his grantors.

Respecting the alleged former adjudication, the record does not show what the former action was. Neither the complaint nor the substance of it is anywhere given. From that portion of the answer appearing in the transcript and already recited, in which it is denied that the plaintiff and defendant are tenants in common of the property, it may be inferred that the former action was of the same character as the present; but it will not do to indulge in inference for the purpose of holding a party bound by a former adjudication. Besides, it does not appear that the former action, whatever it was, was determined on the merits. The judgment was a judgment of nonsuit, and in it it was expressly declared that it was granted ''without prejudice to a new action.''

As made to appear in the record before us, it is clear that it is no bar to the present suit.

Judgment reversed and cause remanded for a new trial.

We concur: McKinstry, J.; McKee, J.