[No. 6,458.—In Bank.]

## IN THE MATTER OF THE ESTATE OF W. H. MOORE, DECEASED.

ESTATES OF DECEASED PERSONS—EXEMPT PERSONAL PROPERTY—BILL OF SALE.—A bill of sale, made by a widow, which in express terms is limited in its effect to any "interest which she might take as heir at law of her de-deceased husband," should not prevent the Probate Court from setting apart exempt personal property from the estate for the use of the family of the deceased.

APPEAL from an order in the Probate Court of Santa Cruz County. CRAIG, J.

*Charles B. Younger*, and *F. J. McCann*, for Appellant.

*John C. Hall*, for Respondents.

[The briefs of counsel are substantially the same as in *Estate of Moore, ante*, p. 437.]

MYRICK, J.:

This is an appeal from an order denying the application of the widow of deceased that certain personal property, being exempt from execution, be set aside. The general facts as to the

death of the deceased, and the family surviving him, are stated in *Estate of Moore, ante,* p. 437. The widow, on the third day after her husband's death, and before administration, executed to the children of the deceased by the former marriage (her own child being then unborn) a bill of sale of all the personal property owned by her " as heir at law of her said husband, William H. Moore." It is claimed that this bill of sale should estop her from having any of the property now set apart. For the reason stated in the opinion in *Estate of Moore, ante,* p. 437, and because the bill of sale is in terms limited in its effects to any interest which she might take as an heir at law, the judgment and order are reversed, and the cause remanded for further proceedings.

MORRISON, C. J., SHARPSTEIN, J., McKEE, J., McKINSTRY, J., ROSS, J., and THORNTON, J., concurred.