*John F. Neilœn, Millikin, Shotts & Millikin, Aaron Wesco,* for different creditors and lienholders.

---

### DEED—FORFEITURE.

[ Hamilton Circuit Court, January Term, 1896.]

Swing, Cox and Smith, JJ.

†WALKER BRANCH AND METHODIST CHURCH OF CUMMINSVILLE, O., v THE DIRECTORS OF THE WESLEYAN CEMETERY ASSOCIATION.

1. GRANT OF LANDS TO A CHURCH, COUPLED WITH A CONDITION.

> Where a grantor by deed conveys certain property to the trustees of a certain church for church purposes, with the stipulation that "should the said land cease to be occupied for church purposes and as a place of divine worship, the grant will cease and determine," and subsequently he conveyed all his interest in said land to a certain cemetery association, subject to this previous grant to the church, and after the death of the grantor the church, which had been erected upon this land, burned down and has never been rebuilt and no building of any kind erected on said land: *Held,* that the deed from the original grantor to the church vests in it an estate in fee, subject only to be divested by breach of condition; this is a mere possibility which may never occur, and the presumption of law would be that the grant being favorable to the church, it would not forfeit it.

2. EXPECTATION OF AN HEIR PRESUMPTIVE, IS NOT A VESTED RIGHT.

> There is no principle better settled than that the expectation of an heir presumptive is not a vested right, but a mere possibility; it is not an estate in lands, and can neither be transferred, nor released.

3. REVERTER OF TITLE.

> If the conditions subsequent were broken, that did not also *ipso facto* produce a reverter of title; the estate continued in full force until the proper steps were taken to consummate the forfeiture, and this could be done only by the grantor during his lifetime, and after his death by those in privity of blood with him, and in the meantime only a right of action subsisted, and that could not be conveyed so as to invest the right to sue in a stranger.

APPEAL from the Court of Common Pleas of Hamilton county.

Demurrer to amended petition.

† Settled by consent of parties, in the Supreme Court, 5 News, 272.

Cox, J.

Plaintiffs in their amended petition say, that on and prior to the 15th day of April, 1841, Timothy Kirby was seized in fee-simple of a tract of about 25 11-100 acres of land on the Colerain turnpike road in Mill Creek township, Hamilton county, O.; that on said day he executed and delivered a deed to the trustees of the Methodist church of Cumminsville for a part of said tract containing upwards of three quarters of an acre, the consideration being for divers good causes and the sum of $1 paid. Whereby he gave, granted and conveyed.

"To the trustees aforesaid, to the survivors and their successors in office forever, which land I have donated as a site for a Methodist church and other buildings if necessary to make a place of religious instruction; and should the said land cease to be occupied for church purposes and as a place of divine worship, the grant will cease and determine. To have and to hold the same to the trustees and to the survivors and to their successors in office forever, in trust, that they shall enclose said lot of land with a good substantial fence, and keep the same well fenced on all the lines adjoining lands of the grantor, and that they and their associates shall erect and build on said lot of land a place of worship for the use of the members of the Methodist Episcopal church in the United States of America according to the rules and discipline which, from time to time, may be agreed upon and adopted by the ministers and preachers of said church at their general conference in the United States of America, and preserve said church in good repair as a place of worship; and in further trust and confidence that they shall, at all times forever hereafter, permit said ministers and preachers belonging to said church as shall, from time to time, be duly authorized by the general conference of the preachers and ministers of said Methodist Episcopal church, or by the annual conference authorized by said general conference, to preach and expound God's Holy Word therein."

" That said trustees named in said deed took possession of the land so conveyed to them, and erected a Methodist Episcopal church thereon in 1841, and continued to use said land as a site for a Methodist Episcopal church until 1889. That on the 14th day of October, 1846, Timothy Kirby conveyed to the directors of the Wesleyan Cemetery of Cincinnati said 25 11-100 acres, subject to the grant of April 15, 1841, to the trustees of the Methodist church of Cincinnati. That the trustees of said church in 1872 sold and conveyed to the directors of Wesleyan Cemetery all of the property conveyed them by Kirby April 15, 1841, except a strip off of the east side of said tract, on which the church stood, said strip being 75 feet in width and about 200 feet in depth. That in May, 1889, the church building on said strip burned down, and the lot being no longer suitable for a site for a church, it has never been rebuilt, and no building of any kind erected on said lot.

" That the said Methodist church was incorporated under the laws of Ohio in 1870, under the name of the First Methodist Episcopal church of Cumminsville.

" That Joseph Hayward, the sole surviving trustee named in the deed of April 15, 1841, did, in May, 1892, convey to said M. E. church said 75-foot strip, and on June 13, 1892, the trustees of said church obtained authority from the court of common pleas to sell said strip and invest the proceeds in the erection of a new church on Chase street, Cumminsville; and thereupon they sold and conveyed said strip to

Walker Branch on October 4, 1892, who, after bringing this suit, being unable to pay for said property, has conveyed the same to the First M. E. church of Cumminsville, and the said church intends to sell the same and invest the proceeds as directed by said court, and the said hurch has been made party to this action with permission of the court to continue the same in the name of the original party.

"That said Methodist church of Cumminsville and its grantees have been in possession of said strip since 1841; that the plaintiff was, at the time of bringing this action, and said church is now in possession of the same. The plaintiffs say that the defendants claim some interest in said strip of land adverse to the plaintiffs' interest.

"Plaintiffs pray that defendants be required to set up their interest in said land, that the same may be adjudged null and void, the plaintiffs' title quieted and for all proper relief."

To this petition the directors of the Wesleyan Cemetery of Cincinnati demur, their ground of contention being that it appears by the statement of the petition that by the terms of the deed the property to which they seek to quiet the title in themselves required that they should erect a church and other necessary buildings for the use of the M. E. church and preserve said church in good repair as a place of worship, and at all times, forever, permit the ministers and preachers of said denomination to preach and expound God's Holy Word therein, and that said land should not cease to be occupied for church purposes and as a place of divine worship. The petition alleges that on October 14, 1846, Timothy Kirby conveyed all this interest in said strip of land to the directors of Wesleyan Cemetery of Cincinnati, their successors and assigns forever, subject to the grant to said trustees of the M. E. church of April 15, 1841.

That said petition further alleges that in May, 1889, the church building on said strip burned down; that the site not being suitable for a church, the church has never been rebuilt, and there are no buildings of any kind on said lot, and the church proposes to sell the present site and expend the money in building another church at some distance from the present lot.

The cemetery association contends that by the deed of 1846, Kirby conveyed to it all the right which he had subject to the rights of the church under the deed of 1841, and that this right of Kirby was one of forfeiture and re-entry when the premises ceased to be used for the purposes prescribed in the deed, and that contingency having occurred, as alleged in the petition, the cemetery now has the right to exercise the power of forfeiture and re-entry which Kirby might have done had he lived when the church ceased to use the premises. The cemetery association contends also that it took a title in fee to the church lot, the deed to Kirby only granting use for a particular purpose.

Plaintiffs claim that by the conveyance of Kirby in the deed of 1841 a fee on condition subsequent passed to said church; that thereby the whole estate passed, leaving nothing in Kirby which could be the subject of a grant until the condition has been broken; that the right to consummate the forfeiture for breach of the condition is before breach, not assignable. It is not an estate or interest in law, but a mere possibility, and cannot be conveyed; that the attempted conveyance by Kirby to the cemetery association was made before any breach of the condition.

Timothy Kirby died some years ago while the lot was occupied by a church building and the terms of the grant were being fully complied with.

His heirs have been made parties to this suit, but have not answered, setting up any right to enter for forfeiture, nor is it claimed that they have ever attempted to do so.

The deed from Kirby to the church vests in it an estate in fee, subject only to be divested by breach of condition. This is a mere possibility which may never occur, and the presumption of law would be that the grant being favorable to the church, it would not forfeit it. That such a possibility cannot be released, is sustained by the many authorities cited by counsel for plaintiff. In *Needles* v. *Needles*, 7 Ohio St., 432 –442, the court says, "it is a general rule that a naked or remote possibility cannot be released, for the reason that a release must be founded on a right in being vested or contingent."

In *Gilpin* v. *Williams*, 35 Ohio St., 297, the court reiterates this doctrine, saying "there are rights so called which do not rise to the dignity of estates at all, but are mere expectancies or possibilities, such as those of heirs apparent, possibilities of reverter, etc." The court further says "there is no principle better settled then that the expectation of an heir presumptive is not a vested right, but a mere possibility: it is not an estate in lands, and can neither be transferred, nor released."

In 97th U. S. Reports, 693 and 696, lands were dedicated to the city of Rock Island for schools and churches. The court says if the condition subsequent were broken, that did not also *ipso facto* produce a reverter of the title. The estate continued in full force until the proper steps were taken to consummate the forfeiture. This could be done only by the grantor during his lifetime, and after his death by those in privity of blood with him. In the meantime only a right of action subsisted, and that could not be conveyed so as to invest the right to sue in a stranger.

To the same effect see the following authorities: Twelfth New York, 131 and 132; 4 Kent's Com., 126; 51 Cal., 198; 13 Cal., 107; 5 Ohio, 390; 51 Miss., 412; 14 Howard, 488; 16 Wallace, 203; 26 New Jersey, 13; 9 Mass., 501; 7 Pickering, 111; 12 Barbour, 160; 21 Wallace, 44; vol. 2, part 2, Leading Cases in Equity, page 1609.

Demurrer overruled.

*Cash & Berry* for Plaintiffs.

*Roberts & Taylor*, for Defendants.